IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 10-cv-00668-LTB-BNB

RENEE RAY,

    Plaintiff,

v.

SYSCO INTERMOUNTAIN FOOD SERVICES, INC., a Delaware Corporation, and
TOM TEMPLE, an individual,

    Defendants.

**STIPULATED PROTECTIVE ORDER**

Plaintiff Renee Ray and Defendants Sysco Intermountain Food Services, Inc. ("Sysco")[1] and Tom Temple stipulate and move, under Rule 26(c) of the Federal Rules of Civil Procedure, for the entry of a Protective Order governing the treatment of Confidential Information (as defined below), as follows:

1. In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in Paragraph 2). The Parties also anticipate seeking additional Confidential Information during discovery and expect that there will be questioning concerning such information in the course of depositions. The Parties agree and assert that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests, and/or the privacy interests of Sysco's current or former employees. The Parties have entered into this Protective Order and request that the Court enter the Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth in the Court's Order.

2. Confidential Information is defined as information that reasonably could be construed as confidential, proprietary and/or private in nature, including, but not limited to, the

---

[1] The proper name of the corporate defendant in this action is Sysco Intermountain, Inc. (formerly known as Sysco Intermountain Food Services, Inc.).

following categories of documents and information:

      a. Information regarding Sysco's current and former employees~~, including, but not limited to, the names, addresses and telephone numbers of Sysco's current and former employees and any other information the disclosure of~~ which would actually infringe upon or reasonably could be construed as an infringing upon the employees' rights of privacy;

      b. Information that potentially would impair Sysco's business, including, but not limited to, Sysco's technologies, business plans, policies and procedures, company manuals, and documents identifying clients, contracts, quotations, pricing and other financial information; and

      c. Information that could reasonably be construed as an infringement upon Plaintiff Renee Ray's right of privacy, including, but not limited to, her social security number, her medical records and medical information, and her financial information.

      3. Confidential Information produced or disclosed hereafter will be stamped "CONFIDENTIAL." Access to Confidential Information so designated as CONFIDENTIAL shall be limited to the Parties (including any officer, director, employee, or agent of Sysco who is deemed reasonably necessary or appropriate by counsel in good faith to aid in the prosecution, defense, or settlement of this action), as well as to the Court, any jury, or other trier of fact, mediators who have been mutually agreed upon by the Parties, counsel for the Parties (including paralegal, clerical, and secretarial staff employed by such counsel), court reporters employed in this action, and "qualified persons" defined as follows:

    (a) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(b) witnesses at any deposition or other proceeding in this action; and

(c) any other person as to whom the Parties agree in writing.

The individuals and entities described in sub-parts (a) – (c), above, shall have access to Confidential Information only after being informed of the provisions of this Protective Order and only after agreeing in writing to be bound by its terms by signing an agreement in the form of "Attachment A" to this Protective Order.

4. Individuals and entities permitted access under Paragraph 3, above, to Confidential Information, or parts thereof, designated CONFIDENTIAL, either by the Parties or by third parties responding to subpoenas, are hereby ordered: (i) not to show, convey or reproduce any documents so designated, or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said information or documents under the provisions of this Protective Order; and (ii) not to otherwise use Confidential Information for any purpose other than the prosecution, defense, discovery, mediation or settlement of this action.

5. Where counsel for a Party seeks to use Confidential Information in any court filing or proceeding in this action, including in pleadings or briefs quoting or discussing such information, counsel first shall submit a motion to file such information, or introduce it in a court proceeding, "under seal," and shall request that such information be kept out of the public record in this action. Any motion requesting leave to file or introduce documents under seal shall comply with the requirements of D.C.COLO.LCivR **7.2** ~~7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v.*~~

~~*Hickey*, 767 F. 2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). Counsel for a Party submitting a motion to seal shall not file Confidential Information or introduce it in a court proceeding unless and until the Court grants the motion to seal.~~ Submission of any Confidential Information to the Court under seal shall not otherwise relieve the Parties or their counsel of their obligations as described in this Protective Order.

6. If a deponent refuses to agree to the nondisclosure provisions of this Protective Order, disclosure of the Confidential Information during the deposition shall not constitute a waiver of confidentiality. Under such circumstances the witnesses shall have the opportunity to sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

7. The inadvertent production by either Party of information subject to attorney-client privilege or work product immunity, or the inadvertent failure to designate information as CONFIDENTIAL, will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information. Any Party receiving inadvertently produced information will, upon request, return the original and all copies to the Party producing such information.

8. The Parties may designate any portion of a deposition or other discovery response as CONFIDENTIAL if the subject matter is deemed in good faith to be confidential or proprietary, including as described in Paragraph 2, above. Materials so designated shall be subject to the same confidentiality and notice requirements as documents designated pursuant to the above paragraphs and shall be filed under seal. The entire deposition or other discovery

response may be filed under seal for the convenience of the Parties, but only the designated portions shall be deemed subject to the above confidentiality and notice requirements.

9. Nothing in this Protective Order shall be construed as limiting the Parties' rights to object to the disclosure of Confidential Information at the trial in this matter, or in discovery or litigation of this matter.

10. This Protective Order shall not be construed as a waiver of any right to object to the admissibility or confidentiality of any evidence at trial nor shall it be construed as a waiver of any right to object to the furnishing of information in response to discovery.

11. This Protective Order is made without prejudice to the Parties' rights to designate as CONFIDENTIAL any additional documents or information that may be requested in the future. However, any such document or information will be so designated as CONFIDENTIAL.

12. **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not**

**thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~If any Party objects to the designation of any material as CONFIDENTIAL, the Parties shall attempt to resolve the dispute in good faith on an informal basis. If the Parties are unable to resolve the dispute informally, the objecting Party may move for relief from the Protective Order with respect to such challenged discovery materials. If the objecting Party makes such a motion, the material shall continue to be deemed CONFIDENTIAL under the terms of the Protective Order until the Court rules on such motion. In any proceeding to release confidential material from its designation, or to change the designation of any such material, the burden shall be upon the designating Party to sustain the burden of establishing the appropriateness of the classification under Fed. R. Civ. P. 26(c). A dispute concerning confidentiality shall not otherwise impede the progress of discovery.~~

13. While the Parties currently do not anticipate the need for a greater level of protection under Fed. R. Civ. P. 26(c) than provided by this Protective Order, if at any point any Party believes in good faith that particular information or documents reasonably require a greater level of protection, then the Parties shall confer in good faith regarding the level of protection to be provided and under what terms (including but not limited to "attorneys' eyes only" limitations). If the Parties agree, they shall submit a joint motion to the Court to modify the Protective Order. If the Parties are unable to agree, the Party seeking a higher level of protection may move for a modification of the Protective Order for good cause shown. ~~Good cause shall~~

~~exist where the protection sought is reasonably appropriate to protect the financial, business, and/or privacy interests of a Party or person, but the existence of good cause shall not be limited to such a showing.~~

14. In the event any person or Party shall violate or threaten to violate any term of this Protective Order, the Parties agree that either Party may immediately apply to obtain injunctive relief against any such person or Party violating or threatening to violate any terms of this Protective Order, ~~and in the event either Party shall do so, the responding person or Party subject to the provisions of this Protective Order shall not employ as a defense thereto the claim that either Party possesses an adequate remedy at law~~.

15. The terms of this Protective Order shall survive the final termination of this action and shall be binding on the Parties thereafter. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Information was disclosed, all persons having received Confidential Information shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Information and certify in writing to the Producing and Designating Parties or their counsel that such destruction has occurred. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product that contain Confidential Information or references thereto; provided that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to court order or agreement with the Producing Party and Designating Party.

16. The termination of this action shall not relieve counsel or other persons obligated

hereunder from their responsibility to maintain the confidentiality of Confidential Information under this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

17. The Court may modify the Protective Order at any time for good cause shown following notice to all Parties and an opportunity for them to be heard. This Protective Order shall be binding upon any future party to this litigation.

Dated May 27, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Approved: May 25, 2010

*s/ Elizabeth L. ("Booka") Smith*
Elizabeth A. Starrs
Elizabeth L. ("Booka") Smith
STARRS MIHM LLP
707 17th Street, Suite 2600
Denver, CO 80202

***Attorneys for Plaintiff Renee Ray***

*s/ Danielle L. Kitson*
Erin A. Webber
Danielle L. Kitson
LITTLER MENDELSON
A Professional Corporation
1200 17th Street
Suite 1000Denver, CO 80202.5835

Telephone: 303.629.6200

***Attorneys for Defendants
Sysco Intermountain Food Services, Inc.
and Tom Temple***

**Attachment A**

**NON-DISCLOSURE AGREEMENT**

The undersigned hereby agrees that:
    (1)    I have had the opportunity to review and have reviewed the Stipulated Protective Order in this action, *Ray v. Sysco Intermountain Food Servs., Inc.*, Case No. 10-CV-00668-LTB-BNB.
    (2)    I hereby agree to comply with and be bound by the terms and conditions of said Protective Order and will not disclose any Confidential Information to any third person.

Dated: _____        _____
                                               [Print Name]

                                             _____
                                             [Sign Name]